IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    PLAINTIFF,

v.                                            CASE NO.: CV-09-J-182-S

ONE (1) 2001 CHEVROLET TAHOE
VIN 1GNEK13T51J141628,

    DEFENDANT.

## MEMORANDUM OPINION

This case comes before the court on the plaintiff's motion for summary judgment and memorandum (doc. 24), and evidence in support of said motion (doc. 25), claimants' motion for summary judgment (doc. 27), affidavits in support of said motion (docs. 28 and 29), claimants' response to the plaintiff's motion (doc. 30), plaintiff's reply (doc. 32), and the plaintiff's motion to strike or in the alternative response to claimant's motion for summary judgment (doc. 33). The court set the motions for hearing on December 8, 2009, at which the plaintiff and the claimants were present by and through their respective counsel of record and the court heard arguments on the pending motions. Having considered the pleadings, evidence, memoranda and arguments of the parties, the court finds as follows:

## I.  FACTUAL BACKGROUND

The plaintiff, the United States of America, brought this forfeiture action against the named 2001 Chevrolet Tahoe ("the vehicle" or "Tahoe") pursuant to 21 U.S.C. § 881(a)(4).  Complaint, ¶ 1.  The plaintiff asserts that the vehicle in question was used by R.J. Knight, Jr. ("Knight"), during the commission of multiple crimes, namely purchases of large quantities of marijuana by Knight.  Complaint, ¶ 5; Verification of Derek K. Jones, at 3.  The plaintiff asserts that the vehicle was used to transport a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).  Complaint, ¶ 7.  Claimants Verlean Lashawn Knight and Tamika Michelle Barnes seek to prevent forfeiture of the vehicle, claiming they are the rightful owners of the same.[1]

---

[1]Although claimants repeatedly refer to themselves in their pleadings as "defendants," they are properly considered claimants, as this is an *in rem* proceeding against the vehicle in question.  See e.g., *U.S. v. 8 Gilcrease Lane, Quincy Florida 32351,* 641 F.Supp.2d 1, 4 -5 (D.D.C.2009):

> "Civil forfeiture actions are brought against property, not people. The owner of the property may intervene to protect his interest." *United States v. All Funds in Accounts (Banco Espanol de Credito)*, 295 F.3d 23, 25 (D.C.Cir.2002). "Because civil forfeiture is an in rem proceeding, the property subject to forfeiture is the defendant. Thus defenses against the forfeiture can be brought only by third parties, who must intervene." *United States v. One-Sixth Share of James J. Bulger in [Lottery Proceeds]*, 326 F.3d 36, 40 (1st Cir.2003).

Upon seizure of the vehicle by the plaintiff, Knight informed agents that the vehicle belonged to his sister. Verification of Jones, at 3. According to Verlean Lashawn Knight, she is the sister of R. J. Knight. Verified Claim of Verlean Lashwn Knight, submitted as exhibit B to plaintiff's motion, at ¶ 3. Verlean Knigh and her sister, Tamika Barnes, purchased the vehicle and are title holders to the vehicle, although her brother had permission to use the vehicle. *Id.*, at ¶¶ 5, 7; Verlean Knight depo. at 13; Verified Claim of Tamika Michelle Barnes, submitted as exhibit C to plaintiff's motion, at ¶¶ 2, 5, 7; exhibits E-G to plaintiff's motion. The vehicle was actually registered by Helen Knight, their mother, in Walker County, Alabama, although Helen Knight is not an owner of the vehicle. Verlean Knight depo. at 11, 17; exhibit H to plaintiff's motion.

Verlean Knight provided the $2,500.00 down payment for the vehicle, which was purchased for the total price of $16,315.24. Verlean Knight depo. at 14; exhibits E-G to plaintiff's motion. Her sister also signed for the purchase because Ms. Knight's credit was not good enough to purchase it alone. Verlean Knight depo. at 15. The vehicle was purchased December 3, 2004, the loan was paid off in May 2006, and Ms. Knight testified she contributed about $800.00 per month towards this payoff, although each payment was made by her mother, Helen Knight. *Id.* at 16-19; Barnes depo. at 23. She did not know if anyone else, including her brother, contributed any funds toward the payoff amount. Verlean Knight depo. at 20.

3

However, she later stated that everyone was helping her make payments on the Tahoe because she lost her job. *Id.* at 45.

Ms. Knight did know that she never purchased insurance for the vehicle, rather her brother always had it insured. Verlean Knight depo. at 26. She claims this was because she had too many tickets, and a wreck, to get insurance she could afford, so her brother purchased it and she paid him back $67.00 a month. *Id.* at 26-27. She was an additional insured on his policy for a 1990 Lexus LS400, for which she was shown as driving the Lexus one hundred percent of the time. *Id.* at 38-39. On the Tahoe, she was listed as a zero percent of the time operator. *Id.* She never spoke with anyone at the insurance agency to change these percentages. *Id.*

Ms. Knight did not know how often her brother drove the Tahoe, although he had permission to drive it whenever he wanted. Verlean Knight depo. at 39-40. In fact, she testified the Tahoe was only at her home for two or three months, when she first purchased it. *Id.* at 40. She never had any repair work done to the Tahoe, but agrees invoices establish that her brother did. *Id.* at 41-45.

At the time the Tahoe was purchased, Ms. Barnes owned two other vehicles in her name only. Barnes depo. at 18-20. Like the Tahoe, both are registered to her mother's address in Walker County. *Id.* at 5- 6, 20. Ms. Barnes testified she too contributed towards the monthly payments on the Tahoe, but did not know how many payments or how much money she applied towards its purchase. *Id.* at 26. Ms.

4

Barnes never had insurance on the Tahoe. *Id.* at 30. She was not sure how often she drove it, but said she did so on family outings. *Id*. Ms. Barnes had no idea how often her brother drove the Tahoe, but did state that he has keys to all their cars. *Id.* at 33.

Ms. Barnes thinks she had the brakes repaired on the Tahoe, but does not know who repaired them or where she took it for the repair. Barnes depo. at 37. She was sure she paid cash for this work. *Id.* at 37. According to Ms. Barnes, R. J. Knight assisted in making payments on the vehicle. *Id.* at 40. They paid it off quickly because they all chipped in on payments. *Id.* at 40-41.

The claimants admit that all licensed members of their family could drive the Tahoe. Answers to Interrogatories, submitted as exhibit J to plaintiff's motion, ¶ 6. They state that the vehicle was purchased mainly for Verlean Knight to drive, but after awhile R. J. Knight ended up driving the Tahoe the most. *Id*., ¶ 23. Ms. Knight and Ms. Barnes concede R.J. Knight was driving the vehicle at the time of his arrest. Response to motion for summary judgment (doc. 30), ¶ 3.

Based on the above facts, the claimants assert they are "innocent owners" of the Tahoe. Response to motion for summary judgment (doc. 30), ¶ 6. The plaintiff responds that the claimants failed to produce any evidence in opposition to the plaintiff's argument that the Tahoe is forfeitable to the United States because of its use in a drug transaction. Plaintiff's reply (doc. 32) at 1.

## II. STANDARD OF REVIEW

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986). An issue is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997).

The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the nonmovant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990). In addition, the non-moving party's evidence on rebuttal must

6

be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986).  Speculation does not create a genuine issue of fact.  *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir.2005).

### III.  LEGAL ANALYSIS

The court must consider the evidence in the light most favorable to the plaintiff and may not make credibility determinations nor weigh the parties' evidence. *Frederick v. Sprint/United Management Co.* 246 F.3d 1305, 1311 (11th Cir.2001); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir.2000).  With these standards in mind, the court considers the arguments of the parties.

The claimants do not dispute that R. J. Knight used the Tahoe to facilitate illegal drug transactions or that the vehicle is subject to forfeiture.  However, under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), a claimant may defeat a forfeiture by showing that he or she is an "innocent owner."  18 U.S.C. § 983(d)(1) sets forth the requirements to assert an innocent owner defense.  The claimants here assert they are "innocent owners" because they had no knowledge the vehicle was used for any illegal transactions.  *See* response to motion for summary judgment (doc. 30), ¶ 6.  However, pursuant to 18 U.S.C. § 983(d)(6)(B)(i)-(iii), the term "innocent owner" excludes a person with only a general unsecured interest in the property, a bailee, or a nominee who exercises no dominion or control over the property.

7

The evidence before the court fails to establish any dominion or control by the claimants over the Tahoe. Rather, the evidence establishes that R.J. Knight was the only insured on the vehicle, had possession of the Tahoe anytime he desired the vehicle, and that he used to vehicle to conduct illegal drug transactions. None of this evidence is disputed.

Merely being a titleholder of property is insufficient to defeat a forfeiture under the "innocent owner" exception. "Bare legal title by one who does not exercise dominion or control over the property is insufficient to establish standing to challenge a forfeiture." *U.S. v. One 1990 Beechcraft 1900 C Twin Engine Turbo-Prop Aircraft* 2009 WL 3103732, 7 (S.D.Fla..2009); citing *900 Rio Vista Blvd.*, 803 F.2d at 630 (claimant corporation's act of purchasing residence and real property found insufficient to establish ownership of property which was controlled by drug dealer, the boyfriend of the president of the corporation) (citations omitted). Indeed, failing to look beyond the bare legal title or to consider whether a claimant has a property interest under state law "would foster manipulation of ownership by persons engaged in criminal activity." *One 1990 Beechcraft*, 2009 WL 3103732 at 7; citing *United States v. Morgan*, 224 F.3d 339, 343 (4th Cir.2000) (citation omitted). The court in *One 1990 Beechcraft* recognized that,

> although the language used in subsection 983(d)(6)(B)(iii) is "no dominion or control over the property" (emphasis added), courts construing and applying this subsection examine the degree, quality and

> genuineness of dominion or control, if any, that a claimant challenged on this ground possesses over the subject property. If the degree of dominion or control is small, or if it is merely a cover for the control exercised by the true owner, it is tantamount to no dominion or control at all and divests the claimant of the status of owner.

*One 1990 Beechcraft*, 2009 WL 3103732 at 8. *See also United States v. U.S. Currency*, $81,000.00, 189 F.3d 28, 35 (6th Cir.1999) (stating in a pre-CAFRA case that courts will reject the claim of nominal titleholders if they did not exercise dominion or control over the property); *U.S. v. One 1988 Prevost Liberty Motor Home*, 952 F.Supp. 1180, 1203 (S.D.Tex.1996) ("Bare legal title by one who does not exercise dominion and control has been held insufficient to establish ownership.")

In the facts before this court, Verlean Knight claims that the vehicle was purchased for her to use, that Barnes was a co-signer for credit reasons, and that she paid substantial sums towards the pay-off of this vehicle. However, no one disputes that R. J. Knight was the only insured on the car, that he had possession of the vehicle, that he had the vehicle serviced and maintained, that he drove it whenever he wanted, and contributed to car payments. The car was registered to the Walker County address where neither Verlean Knight nor Barnes lived. Additionally, Ms. Knight was insured as a one-hundred percent of the time driver on a different vehicle, and Ms. Barnes testified she owned in her own name alone two other vehicles during this time.

9

Possession of mere legal title by claimants, who did not exercise ongoing dominion and control over the property, is insufficient to meet the requirements to make them "innocent owners." Given the claimants' failure to establish that they fall within the "innocent owner" exception to the forfeiture laws, the court is of the opinion that the plaintiff is entitled to judgment in its favor as a matter of law.

## CONCLUSION

The court having considered the foregoing, and finding that the claimants have failed to establish any genuine issue of material fact sufficient to allow this case to proceed to trial, the court **ORDERS** that the plaintiff's motion for summary judgment is hereby **GRANTED**. The United States is directed to present a Final Order of Forfeiture for review by the Court in order for the vehicle in question to be condemned and forfeited to the United States of America.

**DONE** and **ORDERED** this the 9th day of December, 2009.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE